OPINION
PER CURIAM.
Petitioner Shah Seed is a native and citizen of Pakistan. He seeks review of a *733 final order of removal. We do not have jurisdiction to review the denial of Seed’s asylum claim on timeliness grounds. In addition, we conclude that substantial evidence supports the Immigration Judge’s (“IJ”) determination that Seed is unlikely to be persecuted or tortured if removed to Pakistan. As a result, it was proper for the Board of Immigration Appeals (“BIA”) to adopt and affirm the IJ’s decision pursuant to Matter of Burbano, 20 I. & N. Dec. 872 (BIA 1994), and we will deny Seed’s petition for review.
I.
Seed entered the United States in November 1998. He stayed longer than was permitted by his work visa. Seed was issued a Notice to Appear in February 2003, and was charged as an overstay in violation of 8 U.S.C. § 1227(a)(1)(B). He applied for asylum, withholding of removal, and protection under the Convention Against Torture. At a hearing before the IJ, Seed testified that he had been a member of the Pakistan Peoples Party (“PPP”) since 1992. He was the PPP president for his village, and his duties primarily consisted of recruitment activities. Seed testified to being arrested in March 1998. He was detained for a few days, and during that time he was allegedly beaten by the police. Seed also testified that when he told the police he belonged to the PPP, he was released from prison. He testified that he fears returning to Pakistan because his support for the PPP will lead to both his arrest by the Pakistani government and persecution by the militant Islamic group Tehrik-e-Nafaz-e-Shariat-e-Mohammadi (“INSM”).[1]
The IJ denied all requested relief. She first determined that Seed was ineligible for asylum because he had failed to apply for it within one-year of his arrival to the United States. The IJ next determined that Seed’s testimony and supporting documents were insufficient to establish eligibility for withholding of removal, and insufficient to “establish that anyone would be interested in torturing him for any reason upon return to Pakistan.” (A.R.87.) The BIA affirmed the decision of the IJ in toto and it dismissed Seed’s appeal. Seed filed this petition for review.
II.
We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir.2001). However, we lack jurisdiction to review the BIA’s determination that Seed’s application for asylum is untimely. See 8 U.S.C. § 1158(a)(3) (stating that “[n]o court shall have jurisdiction to review any determination of the Attorney General” relating to the timeliness of an asylum application); Sukwanputra v. Gonzales, 434 F.3d 627, 632-33 (3d Cir.2006). Therefore, the scope of our review is limited to Seed’s claims for withholding of removal and CAT relief. See Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3d Cir.2003).
Where, as here, the BIA expressly adopts and affirms the IJ’s decision pursuant to Matter of Burbano, 20 I. & N. Dec. at 874 (BIA may adopt or affirm IJ’s decision, in whole or in part, when it is in agreement with reasoning and result of that decision), we review the decision of both the IJ and the BIA to determine *734 whether the BIA’s decision to defer to the IJ was appropriate. See Shehu v. Att’y Gen., 482 F.3d 652, 657 (3d Cir.2007). We review the IJ’s factual findings for substantial evidence, see Briseno-Flores v. Att’y Gen., 492 F.3d 226, 228 (3d Cir.2007), upholding them “unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir.2003) (en banc).
III.
The IJ’s determinations that Seed is unlikely to be subject to persecution and torture upon removal to Pakistan, see Pierre v. Att’y Gen., 528 F.3d 180, 186 (3d Cir.2008) (en banc) (describing preponderance standard for CAT claims); Mulanga v. Ashcroft, 349 F.3d 123, 132 (3d Cir.2003) (describing preponderance standard for withholding of removal claims), are supported by substantial evidence. The full extent of Seed’s alleged abuse in Pakistan is found in the following excerpts from direct examination:
COUNSEL: Did you have any contact with the police in Pakistan?
SEED: Yes. I was arrested by police on March 5,1998.
* * *
COUNSEL: What happen [sic] to you while you were in police custody if anything happen [sic] to you?
SEED: They beat me up. I had wounds all over my hands and all over my body.
COUNSEL: Did you seek any treatment for these wounds?
SEED: I did not do any special treatment or anything like that. Example [sic], I did not go [to] the hospital or anything like that. No.
(A.R.119, 121.) We agree with the IJ that this testimony, standing alone, is clearly insufficient to establish past persecution. See Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir.2003) (“persecution connotes extreme behavior, including ‘threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom’ ”) (quotation omitted).
Furthermore, the IJ rightly rejected Seed’s allegation that if removed he will be persecuted or tortured because of his support for the PPP. As the IJ noted, Seed “testified earlier that all of his family members were supporters of the PPP, that they even have a flag flying from their house, and yet no harm has come to any of his family members.” (A.R.60.) That testimony significantly cuts against Seed’s allegation. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005) (“[W]hen family members remain in petitioner’s native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner’s well-founded fear of future persecution is diminished”). Further bolstering the IJ’s determination is her finding that “[t]he Department of State Report on Human Rights Practices, while it describes that certainly the political situation in Pakistan can be tumultuous, there is no evidence ... that someone in [Seed]’s position would be targeted for harm upon return to Pakistan, especially someone whose [sic] been away since 1998 and not been involved in the United States in politics.” (A.R.62.) As the IJ’s decision is supported by substantial evidence, the BIA did not err in adopting and affirming that decision pursuant to Matter of Burbano.
Accordingly, we will deny the petition for review.

. In his testimony, Seed referenced this group as “Nafaz-E-Shirat.” (A.R.123) It is apparent, though, that he is speaking of the same TNSM we have been referred to in prior cases concerning political asylees from Pakistan's Swat region. See, e.g., Shah v. Att’y Gen., 293 Fed.Appx. 178, 179 (3d Cir.2008); Khan v. Att’y Gen., 236 Fed.Appx. 846, 849 (3d Cir. 2007).